UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

MELYS BOISNOTE,

       Plaintiff,

vs.

THE VILLAGE OF EL PORTAL,
A Florida Municipal Corporation,

       Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

1. Plaintiff, MELYS BOISNOTE, by and through his undersigned attorney, alleges the following against Defendant, THE VILLAGE OF EL PORTAL, a municipality of the State of Florida, and states, to wit:

**INTRODUCTION**

2. This action is brought pursuant to Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. § 2000e, et seq.). The jurisdiction of this Court is invoked to secure protection of and redress the deprivation of rights guaranteed by federal law involving discrimination in employment.

**JURISDICTION AND VENUE**

3. This is an action which arises under Title VII of the Civil Rights Act of 1967 as amended, (42 U.S.C. 2000e seq.).

4. Jurisdiction is founded on 42 U.S.C. 2000e-5(f)(3) and U.S.C. 1331 (Federal

Question).

5. Venue is proper in the Southern District of Florida pursuant to 42 U.S.C. 2000e-5(f)(3) Title VII "Venue"; and 28 U.S.C. 1391(b) and ( c) (Venue generally).

## EXHAUSTION OF ADMINISTRATIVE PROCEDURES

6. Plaintiff, MELYS BOISNOTE timely filed with the Equal Employment Opportunity Commission (EEOC) a charge of discrimination against Defendant, THE VILLAGE OF EL PORTAL's POLICE DEPARTMENT.  Plaintiff, MELYS BOISNOTE received a notice of the right to sue from EEOC within ninety (90) days of the filing of this Complaint.  A copy of the each right to sue notice letter from the EEOC is attached as Exhibit "1".

## PARTIES

7. At all times material to this action, Plaintiff, MELYS BOISNOTE, is/was a resident(s) of Miami-Dade County, Florida, is over the age of 18, and is otherwise sui juris.

8. At all relevant times, Defendant, THE VILLAGE OF EL PORTAL, is a municipality of the State of Florida, which is situated in  Miami-Dade County, Florida.

9. At all relevant times, Defendant, THE VILLAGE OF EL PORTAL, [Hereinafter, " EL PORTAL"], was/is engaged in an industry affecting commerce.

10. At all relevant times, Defendant, EL PORTAL, employed Plaintiff, MELYS BOISNOTE, within the meaning of 42 U.S.C. 2000e-(b).

11. Defendant, EL PORTAL, engaged in policies and practices which are/were willfully, intentionally and unlawfully discriminating against Plaintiff on the basis of his race (Black) and his national origin (Haitian-American).

12 Plaintiff, BOISNOTE, sues Defendant, EL PORTAL, and  re-alleges paragraphs 1 through 11, as if fully set forth herein and are incorporated by this reference.

13.     Plaintiff, BOISNOTE, is a Black male of Haitian-African descent and ancestry, protected under Title VII (42USC §2000(e)(b)).

14.     Defendant, EL PORTAL, is an employer within the meaning of Title VII.  Moreover, at all time material hereto, the Plaintiff, BOISNOTE,  is/was employed by Defendant, EL PORTAL, as a part-time police officer.  Plaintiff's normal work hours vary from weeks to weeks.

15.     Plaintiff's work duties as a police officer required him to patrol  El Portal, protect the citizens of EL PORTAL, among other things.  BOISNOTE, at all times material, qualified for his position as police officer, and was performing his job satisfactorily.

16.     Plaintiff has been a police officer with Defendant since July 14, 2014.  Plaintiff was the only part-time Haitian Police Officer paid employee at EL PORTAL.  However, there is another Haitian Police Officer at EL PORTAL, but he is non-paid, a volunteer.

17.      Plaintiff holds a Master of Science Degree, conferred on May 31, 2004, from Nova Southeastern University.  Plaintiff also holds a Bachelor of Arts Degree in Criminal Justice from Florida Memorial College.

18.     Plaintiff has in the past received satisfactory evaluations from the Defendant.

19.     On August 2017, Plaintiff applied and interviewed for one of three vacant positions for Full-Time Police Officer position.  Plaintiff was passed over and Plaintiff was not hired as a full-time position.  A Non-Haitian individual with less qualifications, less seniority and less experience was hired for each of these three positions by Police Chief, Ronnie Hufnagel.

20.      EL PORTAL's population is about 51% Black and 25% of the residents are of Haitian descent.   EL PORTAL has only one part-time Haitian Police Officer and one volunteer Haitian Police Officer.

21.     In November 2017, the manager of EL PORTAL interviewed Officer Paul Battaglia and the Plaintiff for another full-time police officer position. Officer Battaglia was selected over the Plaintiff even though the Plaintiff was more qualified.

22.     In February 2018, EL PORTAL again had another opening for a full-time police officer. The Plaintiff again was passed over even though he (Plaintiff) was more qualified than the person who was ultimately hired for the full time position.

23.     The Plaintiff then filed a Charge with the EEOC about the discrimination that he suffered at the Village. Then Acting Chief of Police Hufnagel began to retaliate against the Plaintiff. The Plaintiff was being harassed, unjustly disciplined and threatened with termination by Acting Chief of Police Hufnagel. Plaintiff was told to resign for no apparent reason. When Plaintiff refused to resign, Defendant fired Plaintiff under the pretext that Plaintiff had violated agency or training school policy not involving a moral character. Yet, Defendant did give Plaintiff a reprimand and/or warning of the specific policy that Plaintiff violated that resulted in his immediate termination in March 2018.

24.     Defendant reported that false information to FDLE. As a result of that information in the Plaintiff's profile with the FDLE, Plaintiff has not been able to obtain a similar position with another police agency for while. Plaintiff was able to secure a Police Officer position with the Village of Virginia gardens because the hiring officer was the former Plaintiff's chief at EL PORTAL. Chief Ray Hernandez hired Plaintiff because he knows about Plaintiff's character and his fitness for duty.

25.      EL PORTAL delegated to the Chief of Police and its Manager the power to affect Plaintiff's compensation and the terms, conditions and privileges of his employment.

26.     The conduct of EL PORTAL, by and through its administrators, deprived Plaintiff of his statutory rights under Title VII.

27.     As a direct, natural, proximate and foreseeable result of EL PORTAL's actions, Plaintiff suffered pecuniary losses, loss enjoyment of life, loss of dignity and other non-pecuniary losses and intangible injuries.

28.     EL PORTAL was willful and wanton, and in such disregard of the Plaintiff's rights not be discriminated against on the basis of race, color, or national origin, or retaliated against for the complaining about EL PORTAL's discriminatory policy, not hiring him as a full time police officer, so as to entitle Plaintiff to punitive damages to punish the Defendant for its actions and to deter it and others from such actions in the future.

### COUNT I
### VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
### RACE AND NATIONAL ORIGIN DISCRIMINATION

29.     Plaintiff sues Defendant and re-alleges Paragraph 1 through 28 as if fully incorporated therein by this reference.

30.     This action is based upon Race, Color and National Origin under Title VII.

31.     EL PORTAL has fifteen (15) or more employees for each working day in each of the twenty or more weeks in calendar years 2016, 2017, 2018, and 2019, respectively.

32.     Plaintiff is Black, of Haitian national origin and descent and is a member of a protected group.

33.     Plaintiff performed his job satisfactorily.

34.     EL PORTAL treated similar-situated employees outside of the Plaintiff's protected class more favorably.

35. EL PORTAL's conduct violated Title VII in that the Plaintiff was discriminated against on the basis of his Race, Color and/or National Origin.

36. As a result of EL PORTAL's policies and practices regarding employment, Plaintiff has been damaged.

WHEREFORE, Plaintiff, MELYS BOISNOTE, prays that this Court:

   a. Advance this case on the docket;

   b. Issue a declaratory judgment that Defendant's practices toward Plaintiff violated his rights under Title VII;

   c. Enjoin Defendant, its employees and supervisory staff from continuing or maintaining the policy, practice, or custom of denying, abridging, withholding, or conditioning the rights of employees on the basis of their race, color or national origin, which rights are secured by Title VII.

   d. Order Defendant to remedy the racial discrimination against Plaintiff by:

      1. Paying appropriate back pay;

      2. Paying prejudgment interest;

      3. Paying front pay in lieu of reinstatement; and

      4. Providing any other relief that this Court deems appropriate.

   e. Enter a Judgment against the Defendant for Compensatory Damages;

   f. Enter a Judgment against the Defendant for punitive damages; and

   g. Enter a Judgment against the Defendant for costs, and a reasonable award of attorneys' fees pursuant to Title VII.

## COUNT II
## FAILURE TO PROMOTE (RACE, COLOR, OR NATIONAL ORIGIN)

37. Plaintiff sues Defendant and re-alleges Paragraph 1 through 28 as if fully incorporated therein by this reference.

38. This action is based on upon Race, Color and National Origin under Title VII.

39. Plaintiff is a black male that belongs to a protected class.

40. Plaintiff applied for full-time Police Officer position with EL PORTAL's Police Department.

41. Plaintiff has over four years of experience. Plaintiff also holds a Bachelor Degree in Criminal Justice and Masters Degree in Science.

42. Other applicants with lesser qualifications, and not belonging to the protected class were hired.

WHEREFORE, Plaintiff, MELYS BOISNOTE, prays that this Court:

    a. Advance this case on the docket;

    b. Issue a declaratory judgment that Defendant's practices toward Plaintiff violated his rights under Title VII;

    c. Enjoin Defendant, its employees and supervisor staff form continuing or maintaining the policy, practice, or custom of denying, abridging, withholding, or conditioning the rights of employees on the basis of their race, color or national origin, which rights are secured by Title VII.

    d. Order Defendant to remedy the racial discrimination against Plaintiff by:

        1. Paying appropriate back pay;

        2. Paying prejudgment interest;

      3.      Paying front pay in lieu of reinstatement; and

      4.      Providing any other relief that this Court deems appropriate.

e.      Enter a Judgment against the Defendant for Compensatory Damages;

f.      Enter a Judgment against the Defendant for punitive damages; and

g.      Enter a Judgment against the Defendant for costs, and a reasonable award of attorneys' fees pursuant to Title VII.

### COUNT III
### RETALIATION

43. Plaintiff sues Defendant and re-alleges Paragraph 1 through 28 as if fully incorporated therein by this reference.

44. This is an action for retaliatory conduct under Title VII.

45. Plaintiff filed a EEOC charge for discrimination. Because of the filing of the Charge with EEOC, Plaintiff was retaliated by the Defendant.

46. Defendant retaliated against the Plaintiff by accusing the Plaintiff of violating Agency Code, and micro-managing Plaintiffs' work and duties.

47. Defendant through its management told Plaintiff to resign or else Plaintiff would be fired. The firing of the Plaintiff could have harmful consequences on the Plaintiff, preventing him from ever working as a Police Officer again. Plaintiff refused to resign. Thus, the Defendant fired the Plaintiff in March 2018. Thereafter, Defendant reported Plaintiff to FDLE (Florida Department of Law Enforcement), which is an agency of the State of Florida that regularly issues Police Officer Certifications. Defendant filed an Affidavit of Separation, in which Defendant falsely alleged that Plaintiff was terminated because of a violation of Agency or training school policy not involving a moral character.

48. EL PORTAL violated Title VII in that EL PORTAL retaliated against the Plaintiff for exercising his rights afforded him under Title VII.

49. EL PORTAL violated Plaintiff's privilege of employment in violation of Title VII.

50. As a result of Defendant's violation of Title VII, Plaintiff has been damaged.

WHEREFORE, the Plaintiff, MELYS BOISNOTE, demand judgment against the Defendant, VILLAGE OF EL PORTAL, for compensatory damages in an amount in not excess of $300,000.00 in lieu of reinstatement, and demand of statutory interest, liquidated damages pursuant to 29 U.S.C.§626(b) costs, reasonable attorney's fees, and any other award the Court deems property and Demand a Trial by jury in all matters so triable.

## COUNT IV
## DEFAMATION

51. Plaintiff sues Defendant and re-alleges Paragraph 1 through 28 as if fully incorporated therein by this reference.

52. This is an action for money damages the sum of which exceeds the amount of $15,000.00, exclusive of interest and attorney fees.

53. Plaintiff has worked for Defendant at the same location for a period of four years, in the EL PORTAL's Police Department, where he has served as a part-time police officer. Plaintiff's 4 years of working for the Defendant were spent through a number of police chiefs acting as supervisors of EL PORTAL's Police Department.

54. Plaintiff has, during his 4-year employment tenure at EL PORTAL as a Police Officer, always enjoyed a good reputation, both generally in the community and in his work place.

55. On or about March 07, 2018, Plaintiff was placed in suspension pending the outcome of investigation of which Plaintiff was not aware of. The suspension was pretextual because Plaintiff was asked to take a voluntary resignation and which Plaintiff declined to do so.

        Thus, on March 18, 2018, EL PORTAL officially terminated the Plaintiff's employment under the pretext that Plaintiff violating agency policy.

56. Plaintiff, at all times, maintained his innocence that he did not commit any violation of EL PORTAL's agency policy that could have caused his immediate termination for the Police Department.

57. EL PORTAL fired the Plaintiff under the pre-text of Plaintiff's violation of EL PORTAL's policy. Plaintiff was so shocked to learn that he was being accused of violating EL PORTAL's Police Department Policy that resulted in his immediate termination from the EL PORTAL police force where he had worked continuously for four years without any incident. EL PORTAL's false accusations and its humiliation of the Plaintiff caused Plaintiff's reputation in the community to suffer.

58. Defendant's words and utterances about Plaintiff's being fired for violating Police Department Agency or training school policy was communicated and published to the FDLE. The FDLE is a state-wide investigative law enforcement agency of the State of Florida that certifies police officer's credentials. Additionally, all Police Departments/Agencies in the State of Florida look in and through FDLE's records and files concerning the profile of any police officer before that officer can be hired. If negative information is reported on that officer's profile with the FDLE, what normally results is that he/she (police officer) would not be hired by another police agency. EL PORTAL reported negative information about Plaintiff to FDLE, such that Plaintiff was not able to regain employment in the Law Enforcement field. Plaintiff applied in over 5 police agencies, all of whom were happy with Plaintiff's credentials and interview, yet upon reviewing Plaintiff's FDLE profile, Plaintiff was told that he could not be hired at the present.

59. Plaintiff was able to regain employment as a Police Officer with the City of Virginia Gardens because the Police Chief in that agency knew Plaintiff's character, his qualifications and integrity.   That Police Chief is none other than Plaintiff's prior chief at EL PORTAL's Police Department.

60. Defendant's accusation that Plaintiff was fired because Plaintiff violated Agency policy was not only a false allegation, it constituted slander *per se* under the law of Florida.

61. The Defendant's management and personnel were, at all relevant times, acting within the scope and course of his/her/their employment with EL PORTAL.

62. All relevant times, Plaintiff maintained his innocence.

63. The accusations that Plaintiff violated Agency's policy constituted slander *per se*, and as a result, Plaintiff is entitled to exemplary or punitive damages to punish EL PORTAL, as employer, for its misconduct, and inhibit such reckless slanders in the future.

64. As a result of EL PORTAL's false accusations, Plaintiff, as an employee, suffered humiliation, physical discomfort, inconvenience, loss of reputation, and loss of capacity to enjoy life.

65. Plaintiff suffered the loss of employment at Defendant's place of employment, which he had held continuously for four (4) years, along with the loss of all benefits of his employment.

   **WHEREFORE**, Plaintiff, MELYS BOISNOTE, demands judgment against Defendant, THE VILLAGE OF EL PORTAL, for damages, cost, and any other awards that the court deems fair and reasonable under the circumstances.

**DEMAND FOR TRIAL BY JURY**

Plaintiff demands trial by jury as to all issues so triable as a matter of law.

Respectfully submitted on this __04__ day of __December__, 2019.

           **JAMES JEAN-FRANCOIS, P.A.**
           Duty Free Americas, Suite 211
           6100 Hollywood Boulevard
           Hollywood, FL 33024
           Phone: (954) 987-8832
           Fax:    (954) 987-2622
           E-mail address:
           jamesjeanfrancoisesq@hotmail.com
           jjonlaw@hotmail.com

           *James Jean-Francois /s/*
By: _____
    **JAMES JEAN-FRANCOIS, ESQ**.
    Fla. Bar # 0495115
    Attorney for Plaintiff